# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| FRANCISCO SERRANO, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| -vs- ) | Case No. CIV-21-0651-F |
| ) | |
| LUKE PETTIGREW, ) | |
| ) | |
| Respondent. ) | |

## **ORDER**

Petitioner Francisco Serrano is a state prisoner appearing *pro* se, whose pleadings are liberally construed. His petition is styled as an action seeking relief under 28 U.S.C. § 2241.

The magistrate judge filed a Report and Recommendation (the Report, doc. no. 7) on August 30, 2021, observing that petitioner is a state prisoner challenging the jurisdiction of his state conviction. For that reason, the Report recommends recharacterizing the petition as one for relief under 28 U.S.C. § 2254. The Report then recommends the court abstain from exercising jurisdiction over the recharacterized petition based on Younger v. Harris, 401 U.S. 37 (1971), because petitioner's application for post-conviction relief is still pending before the state district court. The Report concludes with the recommendation that the recharacterized petition be dismissed without prejudice to re-filing.

The Report advised petitioner that any objection to the Report must be filed by September 20, 2021. The Report also advised that failure to make timely objection waives appellate review of both the factual and legal issues addressed in the Report. No objection to the Report has been filed, and no request has been made for an extension of time within which to object or otherwise respond to the Report.

Having reviewed the Report, and with no objection having been filed, the court agrees with the magistrate judge that the petition is not properly brought under § 2241 and should have been brought under § 2254; it further agrees that if Serrano had done so, his § 2254 petition would be dismissed for lack of jurisdiction under the Younger doctrine given the pendency of state court proceedings. Accordingly, the court **AGREES** with and **ADOPTS** the Report to this extent. The court, however, declines to adopt the Report's recommendation that it recharacterize the petition as one brought under § 2254. The more appropriate course of action is to dismiss the § 2241 petition for lack of jurisdiction because it seeks relief unavailable under § 2241.[1] *See generally* Russian v. Hudson, 796 Fed. Appx. 500, 504 (10th Cir. 2019) (affirming dismissal of § 2241 petition where the district court had no responsibility to transform it into a presently unreviewable § 2255 petition).

---

[1] *See* Parker v. Jones, 260 Fed. Appx. 81, 84 (10th Cir. 2008) ("in undertaking this recharacterization [without notice to litigant], the district court erred"; error was harmless because petition was "already a dead letter under the statute of limitations") unpublished; Clark v. Bruce, 159 Fed. Appx. 853, 856 (10th Cir. 2005) (before district court reclassifies a pro se litigant's § 2241 petition as a § 2254 petition, court "must" notify a pro se litigant of the consequences of such a change, due to strict limitations on the rights of litigants to file second or successive § 2254 petitions; any error in this regard by the district court was harmless, however, as Clark's § 2254 petition was time-barred), unpublished. Here, there is no reason to think a future § 2254 petition by Serrano would be time-barred. Plus, Parker and Clark indicate that even if that were the case, the district court's recharacterization was error.

Accordingly, the petition, brought under 28 U.S.C. § 2241, is **DISMISSED** without prejudice to refiling. A certificate of appealability is denied.

IT IS SO ORDERED this 13th day of October, 2021.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

21-0651p001.docx